IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AT&T MOBILITY LLC, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0330-P |
| | § | |
| ARENA TRADING, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiffs have filed an emergency motion to preserve evidence in this trademark infringement action involving the unauthorized and unlawful bulk purchase and resale of AT&T GoPhones. As grounds for their motion, plaintiffs allege that defendants are likely in possession of hundreds of such phones and "may sell or otherwise dispose of GoPhones in their possession immediately upon being served with the summons and Complaint in this action." (Plf. Mot. at 2). The destruction of potentially relevant evidence has been confirmed by investigators hired by plaintiffs, who have observed garbage bags full of empty GoPhone packaging materials in dumpsters maintained by Defendant Arena Trading, Inc. (*See id*., Exh. A at 5, ¶ 22). In order to prevent the destruction of this and other evidence, plaintiffs seek an *ex parte* order requiring defendants: (1) to preserve all evidence in this action; (2) to provide an inventory of all AT&T GoPhones and the location where the handsets are being kept; and (3) to preserve all evidence relating to the bulk purchase, sale, distribution, and alteration of AT&T GoPhones. (*Id.* at 3).

After considering the motion and the evidence submitted by plaintiffs, the court finds that: (1) there is a legitimate concern for the continuing existence and maintenance of the integrity of the evidence in question absent an order preserving the evidence; (2) such concerns outweigh any harm

to the defendants that may result from a preservation order; and (3) defendants will not be unduly burdened by such an order. *See Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004). Accordingly, plaintiff's emergency motion to preserve evidence [Doc. #5] is granted. Defendants Arena Trading, Inc. and Khalid Tayob are hereby ordered:

> 1. to preserve all evidence in this action including, without limitation, all AT&T GoPhones currently in their possession and/or subject to their control; and
>
> 2. to preserve all evidence relating to the bulk purchase, sale, distribution, and alteration of AT&T GoPhones, including all information, items, and documents responsive to Plaintiffs' First Request for Production of Documents and Things, along with copies of any software or hardware used to modify or alter AT&T GoPhones, all records of transactions related to the GoPhones, and all communications with third-parties on the subject of the purchase, sale, or alteration of GoPhones and/or the security measures contained within the Phones.

The failure to obey this order may result in the imposition of sanctions including, but not limited to, an order holding the offending party in contempt of court. *See* Fed. R. Civ. P. 37(b)(2).[1]

SO ORDERED.

DATED: March 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court declines to order defendants to provide an inventory of AT&T GoPhones and the location where the handsets are being kept. The inventory requested by plaintiffs does not relate to the preservation of evidence and can be obtained through discovery.